

FILED

02/15/2022

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: OP 22-0058

IN THE SUPREME COURT OF THE STATE OF MONTANA

OP 22-0058

LESLEE ROSALIE BLOODSTONE (legal name)
a/k/a LESLIE VINCENT JESSOP (committed
name),

Petitioner,

v.

BRIAN GOOTKIN, Director, MONTANA
DEPARTMENT OF CORRECTIONS,

Respondent.

ORDER

FILED

FEB 1 5 2022

Bowen Greenwood
Clerk of Supreme Court
State of Montana

Leslee Rosalie Bloodstone, also known as Leslie Vincent Jessop, has filed a Petition for a Writ of Mandamus, pursuant to § 27-26-102, MCA, or alternatively a writ of prohibition. Bloodstone explains that she is incarcerated in the Montana State Prison and that she identifies herself as trans-female.[1]

A writ of mandamus, also known as mandate, is specific and statutorily driven. Sections 27-26-101 through 27-26-403, MCA. To state a claim for mandamus, a party must show entitlement to the performance of a clear legal duty by the party against whom the writ is directed and the absence of a plain, speedy, and adequate remedy at law. Section 27-26-102, MCA; *Smith v. Missoula Co.,* 1999 MT 330, ¶ 28, 297 Mont. 368, 992 P.2d 834.

Bloodstone requests the appropriate standard of care for her gender dysphoria. She cites to the Standard of Care (SOC) for the Health of Transsexual, Transgender, and Gender Nonconforming People, such as herself, and she attaches a copy to her Petition. She alleges that the agents, staff, and administrators of the Department of Corrections (DOC) have failed to follow its policy "as it relates to Transgender offenders" and the Standard of Care. She includes copies of DOC's Policy No. 1.3.20, Nondiscrimination and Sexual

---

[1] This Court chooses to use feminine pronouns as Bloodstone has used in her Petition.

Harassment, and DOC Policy No. 1.1.17, Prison Rape Elimination Act of 2003 (PREA). Bloodstone contends that the DOC and its Director are "clearly legally bound" to treat her fairly and without discrimination. She also raises four other issues concerning this legal duty: (1) whether DOC's personnel are properly trained to communicate and treat transgender inmates; (2) whether Bloodstone has been classified and identified as a transgender female who should receive proper health care and treatment; (3) whether Bloodstone's allegations of discrimination have been properly investigated; and (4) whether the DOC has a clear legal duty to provide access to Bloodstone for specific undergarments and care items, such as bras, panties, make-up, and shoes.

The DOC's Policy for Offender Discrimination, now found as DOC Policy No. 3.3.20 (2020), provides:

> The Department does not tolerate employees committing any forms of discrimination, harassment or retaliation against offenders based upon the offender's race, color, religion, creed, political ideas, sex, age, marital status, physical or mental disability, or national origin, or in retaliation against an offender because the offender has opposed any discriminatory practices or because the offender has filed a complaint, testified, assisted, or participated in any manner in a discrimination investigation or proceeding. The Department is committed to resolving discrimination and harassment complaints in a fair and timely manner.

DOC Policy No. 3.3.20, I., at 1. While this current version of nondiscrimination does not explicitly include gender identity or expression as the older version does, it still contains the remedy for an offender, such as Bloodstone. This policy requires that an offender "must report the allegation to the Department for prompt investigation and any appropriate actions." DOC Policy No. 3.3.20, IV., at 2. Bloodstone has not averred that she has reported any allegations or complaints of discrimination, harassment, or retaliation via DOC's Policy for grievances before she sought relief here. *See* DOC Policy No. 3.3.5 concerning Inmate/Staff Communication Methods and DOC Policy No. 3.3.3 for Offender Grievance Program. Bloodstone must report any allegations to the DOC.

Turning to her attached section of the PREA, the DOC has training about "how to communicate effectively and professionally with offenders who might be lesbian, gay, bisexual, transgender, intersex (LGBTI) or gender nonconforming[.]" DOC Policy 1.1.17,

2

IV.C.2.j., at 5. Also included in this policy is how an offender may report sexual abuse or sexual harassment, utilizing the DOC Policy No. 3.3.3, Offender Grievance Program. DOC Policy No. 1.1.17, at 8-9. This Court could not locate any DOC policy concerning gender dysphoria management.

Upon review, Bloodstone has not demonstrated a clear legal duty for the DOC to act upon her requests. It is not clear that Bloodstone has alerted the DOC about her concerns. "Grievances should provide prison officials with fair notice of a problem and thus an opportunity to address the problem before a lawsuit is filed." *Diamond v. Owens*, 131 F. Supp. 3d 1346, 1358 (M.D. Ga. 2015) (citing *Chandler v. Crosby*, 379 F.3d 1278, 1287 (11th Cir. 2004)). Bloodstone does not argue that the DOC has not acted upon her grievances because it is not readily apparent whether she has given the DOC notice about her complaints when she is required to do so, pursuant to DOC policy.

Bloodstone has other remedies available to her before coming to this Court. She may seek relief by filing a complaint in the Powell County District Court where a record could be developed for this Court to review on appeal. Section 27-26-102, MCA. She could utilize the grievance procedure under DOC Policy No. 3.3.3, which could assist her in potentially pursuing a remedy for alleged harm concerning her custody and care under a 42 U.S.C. § 1983 claim.

Bloodstone has not demonstrated that she is entitled to the performance of a clear legal duty. Section 27-26-102, MCA; *Smith*, ¶ 28. Accordingly,

IT IS ORDERED that Bloodstone's Petition for Writ of Mandamus, or alternatively a writ of prohibition, is DENIED and DISMISSED.

The Clerk of the Supreme Court is directed to provide a copy of this Order to counsel of record and to Leslee Rosalie Bloodstone personally.

DATED this 15 day of February, 2022.

_____
Chief Justice

_____

_____

_____

_____
Justices

4